UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jennie R. Jordan, ) | Civil Action No. 4:03-3764-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | REPORT AND |
| ) | RECOMMENDATION |
| Lisa Bourcier, Kelly Brosky, Danny Knight ) | |
| and County of Horry, ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action in this court against her previous employer, supervisor and co-workers on November 26, 2003, alleging violations of her Constitutional rights to equal protection and due process of the law on the basis of her age (over fifty-five years of age) and her disability, as well as retaliation in violation of her right to free speech.

Defendants filed a motion for summary judgment on May 19, 2005. Plaintiff filed two requests for extensions of time to respond to defendants' motion, which were granted. Plaintiff has failed to respond to defendants' motion for summary judgment and the time for doing so has expired.

*Facts*

The facts set forth in defendants' memorandum are not contested and will be briefly set forth below.

Plaintiff is a sixty-four year old white female who is now disabled. She was employed with Horry County for several years prior to the opening of the new Horry County Judicial Center in April 2002. After its completion, plaintiff transferred from public information clerk in the clerk of court's office to the public information desk in the new atrium of the new judicial center. Defendants Kelly

Brosky and Lisa Bourcier were plaintiff's supervisors and Danny Knight was the Horry County Administrator.

Plaintiff missed work because she had to go to the "doctor so much." (Jordan Dep. at 83-84). Defendant required her to submit medical excuses each time she attended a medical appointment. Horry County policy provides that when there is reason to believe that sick leave is being abused, the employee may be required to show supportive documentation. This serves as the basis of her claim regarding her disability.

After moving into the new judicial center, plaintiff had conversations at work with members of the public about the dust, noisiness, and wasted space in the new facility. She was given numerous written and oral instructions regarding this behavior. Horry County received a complaint from the public on August 13, 2002, and on August 14, 2002, regarding plaintiff's attitude and negative comments. As a result, plaintiff's employment was terminated by Lisa Bourcier. At the time, plaintiff waived her right to file a grievance.

Plaintiff submitted a charge to the South Carolina Human Affairs Commission which was rejected by letter dated June 17, 2003, because the charge was not filed within 180 days of the occurrence of the alleged discriminatory act.

*Discussion*

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of

action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ...

affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

Defendants seek summary judgment on several grounds which will be addressed below.

### *Claims of Discrimination Based on Age or Disability*

*Preemption*

It appears from her complaint that plaintiff is attempting to bring claims under 42 U.S.C. §1983 for discrimination on the basis of age and disability.  Plaintiff's exclusive remedies for discrimination based on age or disability in employment are available under the Americans with Disabilities Act and the Age Discrimination in Employment Act.  Although there is a split in the circuits, the Fourth Circuit has directly addressed the preemption by the ADEA.  Zombro v. Baltimore City Police Department, 868 F.2d 1364, 1368(4th Cir. 1989)(ADEA is exclusive remedy). In essence, without preemption, a plaintiff could subvert the exhaustion requirements of the ADEA and file directly under §1983.  The same rationale applies and supports the preemption by the ADA. Accordingly, plaintiff's claims under §1983 for discrimination based upon age and disability are preempted. Her exclusive remedies are rest within the ADA and the ADEA.

*Exhaustion*

Claims brought pursuant to the ADA and the ADEA are subject to the exhaustion of administrative remedies.  Plaintiff filed her charge with the South Carolina Human Affairs Commission untimely.  Plaintiff has failed to exhaust her administrative remedies and has failed to

bring this action, to the extent it is filed pursuant to the ADA[1] or the ADEA[2], in a timely manner. Therefore, the claims are barred for failure to exhaust administrative remedies and for failure to bring the claims within the applicable limitations periods.

*Sovereign Immunity*

Plaintiff's suit under the ADEA against Horry County is barred by sovereign immunity. Kimel v. Florida Board of Regents, 528 U.S. 62 (2000). It is not clear from this record whether or not plaintiff's ADA claim is barred by sovereign immunity. See Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 486 n. 8 (4th Cir. 2005).

*Individual Defendants*

There is no individual liability under the ADA and ADEA. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994)(ADEA) and Baird v. Baird, 192 F.3d 462, 472 (4th Cir. 1999)(ADA).

## *Due Process Claims*

To the extent plaintiff claims a liberty interest in continuing in her specific job, there is no constitutional liberty interest. Morrash v. Strobel, 842 F.2d 64 (4th Cir. 1987)(liberty interest may exist in freedom to seek other jobs or employment, but not in continuing in specific job).

Plaintiff also claims a property interest in her job. The undisputed evidence reveals that

---

[1] Claims under the ADA are subject to the same exhaustion requirements as claims brought under Title VII. 42 U.S.C. §12117. Plaintiff is required to timely exhaust administrative remedies. 42 U.S.C. §2000e-5(e)(1). The clock begins to run on the day the alleged discrimination occurs without regard to when the plaintiff discovers it. Hamilton v. 1st Source Bank, 928 F.2d 86,88 (4th Cir. 1990)(en banc).

[2] Claims under the ADEA require the exhaustion of administrative remedies, as well. 29 U.S.C. §626(d).

plaintiff was an at-will employee with no contractual right to the continuation of her job. Plaintiff has presented no evidence showing a legitimate entitlement to a continuation of her job. Therefore, her claim based on a constitutional property interest is without merit. Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Whether or not she had a liberty interest or property interest in her position, the undisputed evidence is that she waived her right to a grievance hearing. Therefore, regardless of the theory, she fails to show that she was denied due process.

### *First Amendment Claims*

Plaintiff claims she was terminated from her employment in violation of her First Amendment right to freedom of speech. The government cannot retaliate against an employee for speech protected by the First Amendment. Love-Lane v. Martin, 355 F.3d 766, 776(4th Cir. 2004). Retaliatory conduct is actionable if the speech involves a matter of public concern, the employees interest in the speech outweighs the governments interest in the efficient operation of the workplace, and a causal connection exists between the speech and the retaliatory conduct. Id. (internal citations and quotations omitted).

Defendants argue that plaintiff fails on the first two factors. To be a public concern, speech must involve an issue of social, political, or other interest to a community. Id. (citing Urofsky v. Gilmore, 216 F.3d 401, 406-07 (4th Cir. 2000); Kirby v. City of Elizabeth City, North Carolina, 388 F.3d 440 (4th Cir. 2004)(public-concern inquiry centers on whether the public or the community is likely to be truly concerned with or interested in the particular expression). Public concern does not involve "personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest." Martin, 355 F.3d at 776(citing Stroman v. Colleton County Sch.

<u>Dist.</u>, 981 F.2d 152,155-56(4th Cir. 1992).

  Plaintiff speech involves personal grievances and complaints about the conditions of her employment. While, generically, speech involving the use of public funds may involve matters of public concern, in the context of the record presented in this case the speech does not qualify and to the extent it involved protected speech, plaintiff's interest in the speech is outweighed by the interest of her employer.

  For the foregoing reasons, defendants' motion for summary judgment should be granted and this case dismissed in its entirety.

January 27, 2006              s/Thomas E. Rogers, III
Florence, South Carolina          Thomas E. Rogers, III
                    United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s)**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & 
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk  
United States District Court  
Post Office Box 2317  
Florence, South Carolina  29503
