IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jennie R. Jordan, ) | Civil Action No. 4:03-3764-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Lisa Bourcier, Kelly Brosky, Danny Knight, ) | |
| and the County of Horry, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff filed this action against her previous employer, supervisor, and co-workers on November 26, 2003, alleging violations of her constitutional rights to equal protection and due process of the law on the basis of her age (over fifty-five years of age) and her disability, as well as retaliation in violation of her right to free speech.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On May 19, 2005, the defendants filed a motion for summary judgment. On June 6, 2005, the plaintiff filed a motion requesting an extension of fifteen (15) days to a file a response in opposition to the motion for summary judgment. On June 9, 2005, the Magistrate Judge granted the request for an extension. On June 20, 2005, the plaintiff filed a second motion requesting an extension of ten (10) days to a file a response in opposition to the motion for summary judgment    On July 13, 2005, the Magistrate Judge granted the second request for an extension. However, the plaintiff never filed a response in opposition to the motion for summary judgment and her time for doing so expired.

On January 27, 2006, the Magistrate Judge filed a detailed and comprehensive Report and Recommendation. In the Report, after analyzing the applicable law and the plaintiff's allegations, the

Magistrate Judge recommends to this court that the defendants' motion for summary judgment be granted. The plaintiff filed objections to the Magistrate Judge's Report and Recommendation on February 3, 2006.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

As stated above, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation. However, the court finds that the plaintiff's objections are not actually objections to the Magistrate Judge's Report and Recommendation and are nothing more than a brief response to the defendants' motion for summary judgment.[1] Significantly, the plaintiff points to no findings in the Report and Recommendation to which she takes specific objection. As a matter of fact, the plaintiff never mentions any portion of the Magistrate Judge's Report and Recommendation. In the opinion of this court, the plaintiff's objections do not satisfy the specificity requirement outlined in Rule 72(b) of

---

[1] As noted above, the plaintiff never filed a response in opposition to the motion for summary judgment.

2

the Federal Rules of Civil Procedure.[2] Without specific objection to the Magistrate Judge's reasoning, this court does not have to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

However, out of an abundance of caution, this court will briefly discuss the plaintiff's "objections."

**Claims of Discrimination Based on Age or Disability**

As the Magistrate Judge points out in the Report, it appears from the plaintiff's complaint that she is attempting to bring claims under 42 U.S.C. § 1983 for discrimination on the basis of age and disability. However, the Magistrate Judge concludes that the plaintiff's exclusive remedies for discrimination based on age or disability in employment are available under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). The Magistrate Judge notes that although there is a split in the circuits, the Fourth Circuit has directly addressed

---

[2] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

preemption by the ADEA. <u>Zombro v. Baltimore City Police Department</u>, 868 F.2d 1364, 1368 (4th Cir. 1989) (ADEA is exclusive remedy). The Magistrate Judge states that without preemption, a plaintiff could subvert the exhaustion requirements of the ADEA and file directly under § 1983. The Magistrate Judge notes that the same rationale applies and supports preemption by the ADA. Accordingly, the Magistrate Judge concludes that the plaintiff's claims under § 1983 for discrimination based upon age and disability are preempted and her exclusive remedies rest within the ADA and the ADEA.

As such, the Magistrate Judge notes in the Report that claims brought pursuant to the ADA and the ADEA are subject to the exhaustion of administrative remedies. The Magistrate Judge finds that the plaintiff has failed to exhaust her administrative remedies and has failed to bring this action, to the extent it is filed pursuant to the ADA or the ADEA, in a timely manner. Therefore, he concludes that the claims are barred for failure to exhaust administrative remedies and for failure to bring the claims within the applicable limitations periods.

The essence of the plaintiff's "objections" with regard to these claims can best be summarized by the following:

> 42 USC [§] 1983 predates both acts [ADA and ADEA] and there's nothing in either act indicating any intention of limiting application of 42 [§] USC 1983. While extending protection against discrimination to private employers, it cannot be presumed that it was Congress's intent to do away with existing remedies protecting against discrimination already existing against employers who would not be covered by the act.

Plaintiff's Objections to Report and Recommendation, Entry # 27, p. 1.

This court finds that the plaintiff's "objections" in this regard are without merit. The Fourth Circuit directly addressed this issue in <u>Zombro</u> and found that "Congress, we believe, did not intend to permit plaintiffs to bypass the comprehensive statutory scheme clearly embodied in the language and legislative history of the ADEA merely because they are employed by an agency operating under the

4

color of state law." 868 F.2d at 1369. After citing numerous similar cases, the Fourth Circuit held that:

> These cases evince a prudential policy that where Congress has provided a comprehensive remedial framework, such as the ADEA, a plaintiff is not relieved of the obligation to follow that remedial procedure by claiming that state action violative of the statutory scheme also violates the Fourteenth Amendment (or some other constitutional right). A mere assertion that constitutional rights have been somehow infringed does not *ipso facto* defeat the coverage, application and exclusivity of a comprehensive statutory scheme specifically enacted by Congress to redress the alleged violation of rights.
>
> This Court is not unaware that the case at bar can be distinguished from many of the cases cited above insofar as the § 1983 claim *sub judice* is predicated on an alleged constitutional violation only and does not rest in part or in whole on alleged violations of substantive rights under the ADEA or some other comprehensive statutory scheme. Nevertheless, the general policy of precluding § 1983 suits, where Congress has enacted a comprehensive statute specifically designed to redress grievances alleged by the plaintiff, is as applicable in instances such as the case at bar as cases where a constitutional claim is attached to a statutory claim brought under § 1983. We hold that this policy should be followed unless the legislative history of the comprehensive statutory scheme in question manifests a congressional intent to allow an individual to pursue independently rights under both the comprehensive statutory scheme and other applicable state and federal statutes, such as 42 U.S.C. § 1983. We find no such intent in the language and history of the ADEA.
>
> An examination of the Act reveals that it is a precisely drawn, detailed statute, similar to other statutory schemes which have been held to provide the exclusive judicial remedy for a stated abuse. The conclusion is irresistible that the ADEA provides the exclusive judicial remedy for claims of age discrimination. Platt v. Burroughs Corp., 424 F.Supp. 1329, 1340 (E.D. Pa.1976).

Id. at 1368-1369. This court concurs with the Magistrate Judge that the Zombro court's reasoning can be equally applied to find ADA preemption as well. Accordingly, for the reasons stated above, this court agrees with the Magistrate Judge's conclusion that the plaintiff's claims under § 1983 for discrimination based upon age and disability are preempted and her exclusive remedies rest within the ADA and the ADEA. This court also concurs with the Magistrate Judge's finding that the plaintiff's ADA and ADEA claims are barred for failure to exhaust administrative remedies and for failure to bring

the claims within the applicable limitations periods.

### Sovereign Immunity

In the Report, the Magistrate Judge further notes that the plaintiff's suit under the ADEA against Horry County is barred by sovereign immunity. Kimel v. Florida Board of Regents, 528 U.S. 62 (2000), and is not clear from this record whether or not plaintiff's ADA claim is barred by sovereign immunity. See Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 486 n. 8 (4th Cir. 2005).

In the plaintiff's "objections," she argues that the "[d]efendants cannot have it both ways, that the ADEA and the ADA are exclusive remedies, yet, that they are no remedy at all." This court presumes the plaintiff's argument in this regard is that the defendants contend that the plaintiff's claims under § 1983 are preempted by the ADA and the ADEA, yet they also argue that the ADA and ADEA claims are barred by sovereign immunity.

This court finds that it does not have to resolve this objection as it respectfully disagrees with the Magistrate Judge's conclusion that the plaintiff's claims under the ADA and ADEA against Horry County are barred by sovereign immunity. It must be noted that sovereign or Eleventh Amendment immunity bars suits directly against a state or its agencies. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996). However, suits against municipal corporations and local government bodies are not barred by the Eleventh Amendment. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); see also Carter v. Barker, 225 F.3d 653 (4th Cir.2000) (the Eleventh Amendment does not protect local government entities); Maryland v. Antonelli Creditors' Liquidating Trust, 123 F.3d 777, 786 (4th Cir.1997) ("[i]t has long been the law that the Eleventh Amendment does not bar suits in federal court against political subdivisions of the state."). As such, this court finds that sovereign or

Eleventh Amendment immunity does not bar the plaintiff's claims under the ADA and ADEA against Horry County.  Nonetheless, this distinction is of no consequence as the court has stated above that it finds the plaintiff's claims under the ADA and ADEA are barred for failure to exhaust administrative remedies and for failure to bring the claims within the applicable limitations periods.

**First Amendment Claims**

As mentioned above, the plaintiff alleges that she was terminated from her employment in violation of her First Amendment right to free speech as well.  As the Magistrate Judge notes in the Report, the Fourth Circuit has found that the government cannot retaliate against an employee for speech protected by the First Amendment.  Love-Lane v. Martin, 355 F.3d 766, 776 (4th Cir. 2004).  The Martin court went on to find that retaliatory conduct is actionable if the speech involves a matter of public concern, the employee's interest in the speech outweighs the government's interest in the efficient operation of the workplace, and a causal connection exists between the speech and the retaliatory conduct.  Id.

To be a public concern, speech must involve an issue of social, political, or other interest to a community.  Id. (citing Urofsky v. Gilmore, 216 F.3d 401, 406-07 (4th Cir. 2000); Kirby v. City of Elizabeth City, North Carolina, 388 F.3d 440 (4th Cir. 2004) (public-concern inquiry centers on whether the public or the community is likely to be truly concerned with or interested in the particular expression).  Public concern does not involve "personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest." Martin, 355 F.3d at 776 (citing Stroman v. Colleton County Sch. Dist., 981 F.2d 152,155-56 (4th Cir. 1992).

The Magistrate Judge concludes in the Report that the plaintiff's speech involves personal grievances and complaints about the conditions of her employment.  The Magistrate Judges notes that

while, generically, speech involving the use of public funds may involve matters of public concern, in the context of the record presented in this case, the speech does not qualify. The Magistrate Judge also concludes that to the extent the plaintiff's speech involved protected speech, plaintiff's interest in the speech is outweighed by the interest of her employer.

In the "objections," the plaintiff states:

> The noisiness of the new atrium is undisputed (July 15, 2002, memo). The problem raised concerns of poor use of taxpayers money, poor planning by public officials, and the ability of the public to utilize these public facilities. Criticism from citizens about the new courthouse included wasted space, noise, and County money being wasted. (Plaintiffs deposition page 48 lines13-21). A public building, public money, and clear public concern.
>
> Plaintiff is not accused of initiating these discussions, only with, agreeing with the concerns of citizens about public facilities.
>
> Clearly, if the public wants to talk about it, it is a matter of public concern. The public daily brought up these complaints. (Plaintiffs deposition page 47 lines 9 – 14).

Plaintiff's Objections to Report and Recommendation, Entry # 27, p. 2.

This court concurs with the Magistrate Judge that the speech at issue in this case involves personal grievances and complaints about the conditions of the plaintiff's employment. In fact, the plaintiff states in her deposition that her comments to the public were limited to space utilization, noise in the area, and switchboard location. Plaintiff's Deposition, Entry # 17-4, p. 49. The plaintiff states that she never agreed or commented on the space being a waste of taxpayer money. Id. at 48-49.

In evaluating the plaintiff's speech, first, the content involved was criticism of her employer's facilities; second, the context was in conversations with patrons of her employer's building; and third, the form was casual - she was engaged in no formal protest, no complaint to her employer, and no complaint to anyone else with the power to remedy the situation. Therefore, this court finds that the

speech at issue is not a matter of public concern that deserves First Amendment protection and the plaintiff's "objections" in this regard are without merit.

## Conclusion

After carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 26] as modified by this Order, and incorporates it herein. The plaintiff's "objections" to the Report are hereby overruled. Accordingly, the defendants' motion for summary judgment [Entry # 17] is **GRANTED**.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

March 24, 2006
Florence, South Carolina